# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEU LOR, | No. 2:15-CV-0548-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment remanding the matter was entered on March 17, 2017. Pending before the court is plaintiff's motion for an award of $8,360.00 in attorney's fees under the Equal Access to Justice Act (EAJA) (Doc. 19).[1]

/ / /

/ / /

---

[1] Plaintiff's counsel does not seek any costs.

1

# I. BACKGROUND

Plaintiff initiated this action by way of a complaint filed on March 11, 2015. The certified administrative record was served on plaintiff and lodged with the court on or about August 31, 2015, consisting of 560 pages. Thereafter, plaintiff filed a 27-page opening brief on the merits on October 5, 2015. In her brief, plaintiff argued: (1) the ALJ erred with respect to evaluation of the medical opinions; (2) the ALJ improperly evaluated plaintiff's credibility; (3) the ALJ erred in determining plaintiff's residual functional capacity; and (4) the ALJ erred in relying on testimony provided by the vocational expert. The court agreed with respect to the ALJ's reliance on vocational expert testimony and remanded for further proceedings.

# II. DISCUSSION

Because this court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action

2

was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. Finally, fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

In this case, defendant argues the Commissioner's position regarding vocational expert testimony was substantially justified. Defendant also argues the amount of fees requested is unreasonable.[2]

/ / /

/ / /

/ / /

---

[2] Defendant does not challenge counsel's claimed hourly rate

### A. **Substantial Justification**

Regarding the ALJ's reliance on vocational expert testimony in this case, the court held:

> At step five of the sequential evaluation process, once a claimant establishes he can no longer perform his past relevant work, the burden shifts to the Commissioner to establish the existence of alternative jobs available to the claimant, given the claimant's age, education, and work experience. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988) (citing Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986)). This burden can be satisfied by either applying the Medical-Vocational Guidelines ("Grids"), if appropriate, or relying on the testimony of a VE. See id. Hypothetical questions posed to a VE must set out all the substantial, supported limitations and restrictions of the particular claimant. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value. See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). While the ALJ may pose to the expert a range of hypothetical questions based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole. See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988). The testimony of a VE should generally be consistent with the DOT, although neither "trumps" the other if there is a conflict. See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is an inconsistency between the vocational expert's testimony and the job descriptions in the DOT, the ALJ must resolve the conflict. See id. (citing SSR 00-4p).
>
> Pursuant to Social Security Ruling (SSR) 00-4p, the Ninth Circuit has found the ALJ is explicitly required to determine if a VE's testimony deviates from the DOT, and if so there must be sufficient support for that deviation. See id. Specifically, the Court found:
>
>> SSR 00-4p unambiguously provides that "[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an *affirmative responsibility* to ask about any possible conflict between that [vocational expert]. . . evidence and information provided in the [*Dictionary of Occupational Titles*]." SSR 00-4p further provides that the adjudicator "will ask" the vocational expert "if the evidence he or she has provided" is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict.
>
> Id. at 1152-53 (emphasis in original). Only after making such a determination, and obtaining an explanation if necessary, can the ALJ rely on the testimony of a VE.
>
> Plaintiff argues the ALJ erred in relying on the VE's testimony without inquiring as to whether the VE's testimony is consistent with the DOT. Plaintiff argues that the VE's testimony as to the three jobs it would be possible for a person with plaintiff's limitations to perform

conflicts with the DOT. Specifically, the three jobs all require frequent handling and reaching, whereas he is limited to occasional, as well as language skills above his abilities. The ALJ failed to ask the VE whether his testimony was consistent with the DOT. As there is a conflict between plaintiff's RFC and the abilities required for the three jobs identified, the ALJ's failure cannot be considered harmless.

Defendant argues there is no conflict between the VE's testimony and the DOT. Therefore, defendant contends that to the extent there is an error, it is harmless because there is no actual conflict. Even if there is a conflict, the defendant contends that the VE specifically testified that the number of jobs would be eroded due to plaintiff's limitations. So again, any failure of the ALJ to inquire would be harmless.

The Ninth Circuit has indicated such an error can be harmless. The Court identified two situations where such an error can be harmless: if there is no conflict or if the VE "provided sufficient support for her conclusion so as to justify any potential conflicts." Massachi, 486 F.3d at 1154 n.19 (citing Johnson v. Shalala, 60 F.3d 1428 (9th Cir. 1995).

Here, the ALJ found plaintiff had the RFC to perform light work, with additional exertional limitations, including only occasionally reaching overhead on the left and occasionally handle, reach, and finger on the right, plus limited to performing simple, repetitive tasks with limited public contact. The ALJ called a VE to testify at the hearing, and posed a hypothetical to the VE setting forth those limitations. After discussing plaintiff's English skills, the VE testified that such an individual could perform work citing three examples: ticket taker (DOT 344.667-010), parking lot attendant (DOT 915.473-010), and cashier (DOT 211.462-010). (CAR 63-70). The VE eroded the availability of such positions due to plaintiff's physical limitations and his basic English skills. However, the ALJ determined that even with the erosion, there are still a significant number of positions for each occupation provided. The ALJ also determined that the VE's testimony was consistent with the DOT.

The undersigned finds the VE's testimony to be unclear. The ALJ never specifically asked whether his testimony was consistent with the DOT, or to explain any deviations. While there was much discussion on the record as to plaintiff's limited English skills, and the VE eroded the number of jobs available to someone with plaintiff's physical limitations with only basic English skills, there are other apparent conflicts that were not addressed. As plaintiff argues, the positions require frequent handling and reaching, where plaintiff is limited to only occasional. It is possible that because plaintiff is only limited to occasional overhead reaching on the left, and occasional handling on the right, that the frequency of those abilities is sufficient for the positions. However, the record is not clear on that issue. Similarly, each of the positions require some reading and writing skills as well as speaking, and they each involve contact with people. While the VE clearly eroded the availability of positions due to plaintiff's limited speaking skills, the requirement of reading, writing and dealing with people were not specifically addressed. In addition, while the ALJ stated in his opinion that there was no conflict, and that the VE accommodated plaintiff's limitations by eroding the number of positions available, he fails to address the specific conflicts noted above. As there is an apparent conflict between the VE's testimony and DOT requirements for the positions identified, the ALJ's failure to inquire cannot be considered harmless error. Upon remand, the conflict between the positions identified by the VE and the DOT requirements must be resolved and explained.

5

According to defendant:

> Here, the Court found that there were unresolved conflicts between the vocational expert testimony and the DOT (CR 17 at 16-17). First, the Court found that the jobs identified at Step Five require frequent reaching and handling while Plaintiff is limited to occasional overhead reaching on the left and occasional handling, reaching, and fingering with the right upper extremity (CR 17 at 17). As the Court noted, however, "[i]t is possible that because plaintiff is only limited to occasional overhead reaching on the left, and occasional handling on the right, that the frequency of those abilities is sufficient for the positions" (CR 17 at 17). The Court, thus, identified a genuine dispute in the evidence, which supports a finding of substantial justification. *See Pierce*, 487 U.S. at 565 (noting that the phrase "substantially justified" typically has not meant "justified to a high degree;" rather, the standard is satisfied if there is a "genuine dispute."). The Court also found that "each of the positions require some reading and writing skills as well as speaking, and they each involve contact with people" and that the vocational expert did not specifically address these issues (CR 17 at 17).
> 
> The record substantiates, however, that the vocational expert did consider these conflicts, and thus the Commissioner's position had a reasonable basis in law and fact. First, the vocational expert testified that he eroded the number of ticket taker jobs based on the "other duties" many of these jobs include, such as cleanup work, sweeping, picking up trash, etc., as well as limited social interaction; he also considered the bilateral occasional manipulative limitations (AR 66). Similarly, the vocational expert eroded the number of parking lot attendant jobs to eliminate jobs that involve "more handling, more monitoring and taking occasional cash, being of presence" (AR 69). Finally, the vocational expert eroded the number of cashier jobs by 75 percent to limit jobs to a "small retail establishment" that would require only "basic communication" (AR 69). The ALJ specifically asked about the possibility of having to do stocking – which would presumably require overhead reaching – and the vocational expert took that into consideration, "erod[ing] it considerably" (AR 69). Therefore, the vocational expert did consider these other conflicts the Court identified, and thus the ALJ's decision had a reasonable basis in fact and in law.
> 
> Further, with respect to Plaintiff's manipulative limitations, the Ninth Circuit recently held that the ALJ must clarify a discrepancy in the decision only where there is an "apparent or obvious conflict" between the vocational expert's testimony and the DOT. *See Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). The Court in *Gutierrez*, which also involved a cashier position, specifically noted that "not every job that involves reaching requires the ability to reach overhead" and "Cashiering is a good example." *Id*.
> 
> Although the Court found that the ALJ did not specifically address Plaintiff's reading and writing skills, the ALJ did present that limitation to the vocational expert, which the vocational expert considered in identifying jobs (AR 64 ("no reading and writing", AR 65 ("Not reading or writing"), AR 66 (considering "the lack of education, reading and writing . . . ."). In fact, the vocational expert testified that the lack of reading and writing skills made the identification of a significant number of jobs challenging (AR 65, 67). Therefore, it was reasonable for the ALJ to conclude that the vocational expert considered Plaintiff's reading and writing skills in significantly eroding the number of jobs. The ALJ also

6

noted that "obviously [Plaintiff's] worked for years taking instructions in English" (AR 64), and indeed it is undisputed that Plaintiff's past relevant work as a home health aide and janitor was at Language Level 2 and 3 respectively. DOT code 354.377-014, 382.664-010. Thus, it was reasonable for the ALJ to conclude Plaintiff had the language skills to perform the jobs the vocational expert identified at Step Five.

In short, there was a reasonable basis in both law and fact for the ALJ's reliance on the vocational expert testimony (AR 30-31), as the vocational expert "provided sufficient support for [his] conclusion so as to address any potential conflicts . . . ." *Massachi*, 486 F.3d at 1154, n. 19. The government similarly had a reasonable basis to defend those legally reasonable and factually supported findings in court. Even though the Court ultimately found the vocational expert testimony – and the ALJ's reliance thereon – was insufficient, the record establishes a reasonable basis that must satisfy the substantial justification test. The Court should deny Plaintiff's motion for EAJA fees.

Here, the court found the ALJ's reliance on vocational expert testimony was misplaced due to unclear evidence of plaintiff's limitations. The unclear evidence created apparent conflicts with the DOT which were not adequately addressed by the ALJ, but defense of which by the Commissioner defendant now contends is substantially justified. The court does not agree. Logically, unclear evidence triggers a search for more evidence, not reliance on the unclear evidence to support a particular conclusion.

### B.  **<u>Reasonableness of Fees Requested</u>**

Defendant argues the court should find the amount of fees requested is unreasonable should it conclude the Commissioner's position was not substantially justified. According to defendant:

> . . . In this case, Plaintiff requests $8,360 for 44 attorney hours spent litigating this routine Social Security case at the district court level. The Ninth Circuit has held that it was improper for district courts to apply a de facto cap for the number of hours in a Social Security case because courts need to give individualized consideration to each case. *See Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132 (9th Cir. 2012) (per curiam). The Court in *Costa* emphasized the district court's reliance solely on "average" hours, and determined that, although district courts may consider the average number of hours for Social Security cases, a court cannot drastically reduce an award simply because the attorney has requested more than 40 hours. *See Costa* at 1136. Rather, a court needs to explain why it reduces a fee request. Under the circumstances of this case, 44 hours of attorney time is not reasonable.
>
> First, Plaintiff seeks 1.0 hour to prepare the complaint (CR 19 at 11). Fees under the EAJA are "attorney's" fees. A petitioner is not entitled to fees for work that need not have been performed by an attorney, even if that work was performed by a secretary or paralegal and billed at a lower

7

rate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks" should not be billed even at paralegal rates "regardless of who performs them."); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks "should have been subsumed in firm overhead rather than billed at paralegal rates"); *Spegon*, 175 F.3d at 553 (tasks that can ordinarily be performed by a secretary or other clerical person, such as updating case lists and calendars, conferences regarding communications with court clerks, document preparation and copying, are not compensable under the federal fee shifting statutes even if performed by an attorney); *Mobley v. Apfel*, 104 F. Supp 2d. 1357, 1360 (M.D. Fla. 2000) ("clerical tasks (such as preparing a service of process, filing a complaint, and receiving a return of service and other documents)" not recoverable under the EAJA). Additionally, the complaint is a standard boilerplate form (CR 1). Therefore, Defendant submits that a reduction of 0.5 hours would be appropriate.

Second, Plaintiff seeks 27 hours of attorney time for briefing this case (CR 19 at 11). Yet the briefing in this action consisted of four fairly standard disability issues (medical opinions, claimant's subjective complaints, residual functional capacity, and vocational expert testimony). Moreover, Plaintiff's substantive briefing amounted to only about 10 pages of argument; the remaining text was primarily boilerplate language (CR 14). Defendant submits that 16 hours – or 4 hours per issue – would adequately compensate counsel for drafting Plaintiff's opening brief. Thus, a reduction of 11 hours of attorney time is requested.

Plaintiff asks for an additional 8 hours for his reply brief, which contained only approximately 7 and half pages of argument and duplicated arguments from his opening brief (CR 16). This is an unreasonable amount of time to compensate counsel. Thus, Defendant submits that 6 hours would be a more appropriate amount of time.

Finally, Plaintiff seeks 8 hours of attorney time to prepare his EAJA motion (CR 19 at 11). Plaintiff's EAJA motion largely consists of boilerplate language and his arguments on substantial justification appear to be replicated from his opening and reply briefs (*compare* CR 19 at 7 *with* CR 14 at 15-16; *compare* CR 19 at 7-8 *with* CR 14 at 19). Therefore, Defendant suggests Plaintiff should be awarded 4 hours of attorney time for preparing the EAJA petition. This is commensurate with – and in fact largely exceeds – what other courts in this jurisdiction have awarded for this task. *See Reyna v. Astrue,* 2011 WL 6100609, at *4 (E.D. Cal. Dec. 6, 2011) (reducing time allocated to preparation of EAJA proposal to one hour); *Stairs v. Astrue*, 2011 WL 2946177, at *3 (E.D. Cal. July 21, 2011) (noting counsel's EAJA motions are "extremely similar" and reducing time allocated to preparation of EAJA motion to 0.5 hours), *aff'd Stairs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 385 (9th Cir. 2013).

Defendant also argues fees are unreasonable to the extent they relate to work performed on unsuccessful arguments. Defendant contends:

> Finally, Defendant notes that Plaintiff prevailed on only one of the four issues he briefed (CR 17 at 5-17). While Plaintiff contends that his fees should not be limited to only the hours he spent on the single issue on which he prevailed, courts in this jurisdiction have found otherwise.

8

> *See Osmore v. Astrue*, 2012 WL 5360990, at *3 (W.D. Wash. Oct. 31, 2012) (relying on *Hensley* to reduce fees "[i]n light of the limited success on many of the [the claimant's] arguments . . . ."); *Solorzano v. Astrue*, No. 5:11-cv-00369-PJW, Doc. 24 (C.D. Cal. Apr. 30, 2012), Doc. 28 (C.D. Cal. May 21, 2012) (awarding 60 percent of the fees requested where the claimant prevailed on three out of five issues and noting that, under *Hensley*, "[d]istrict courts are vested with discretion to determine the reasonableness of a fee request."). Indeed, in *Hensley*, the Supreme Court held:
>
>> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. *Hensley*, 461 U.S. at 436-37.
>
> Further, in cases like this, where the plaintiff prevailed on some but not all of the issues litigated, the Ninth Circuit has held that "the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Natural Resources Defense Council v. Winter*, 543 F.3d 1152, 1163 (9th Cir. 2008) (quoting *Cummings v. Connell*, 402 F.3d 936, 947 (9th Cir. 2005)). A plaintiff should not be compensated for arguments that were "excessive, redundant, *or otherwise unnecessary*." *See Spegon*, 175 F.3d at 552 (emphasis in original); *see also Tasby v. Estes*, 651 F.2d 287, 289-90 n.1 (5th Cir. 1981) ("Parties seeking the assurance that clear representational overkill can provide must bear themselves the costs that it occasions."). Here, Plaintiff raised three arguments that were excessive or otherwise unnecessary. The Commissioner should not have to pay additional fees due to Plaintiff's litigation strategy to raise numerous issues (i.e., representational overkill). Therefore, as discussed above, the Court should reduce Plaintiff's time on his summary judgment and reply briefs.

Given the length of the record in this case, the number of issues briefed, the total length of plaintiff's opening brief, and exercising its discretion, the court cannot say the amount of fees requested is unreasonable.

///

///

///

///

///

///

///

9

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an award of fees under the EAJA (doc. 19) is granted; and

2. Plaintiff is awarded $8,360.00, payable to plaintiff within 65 days of the date of this order.

Dated: March 6, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE